IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00623-GPG

JON D. DICKERSON,

    Plaintiff,

v.

NATIONAL TECHNOLOGY TRANSFER,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Jon D. Dickerson, has filed *pro se* a Title VII Complaint (ECF No. 1). The court must construe the complaint liberally because Mr. Dickerson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Dickerson will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

    The complaint is deficient because Mr. Dickerson fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.

*See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Dickerson fails to provide a short and plain statement of the claims he is asserting because he does not assert any claims for relief in the Title VII Complaint. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Although Mr. Dickerson has checked boxes on the complaint form indicating he was demoted or discharged from employment because of his race and color, he does not provide any factual allegations in support of these conclusory assertions that would support a claim of discrimination on the basis of his race or color.

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Mr. Dickerson must file an amended complaint. Mr. Dickerson must identify the specific claims he is asserting and the specific facts that support each asserted claim. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Dickerson file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Dickerson shall obtain the appropriate court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Dickerson fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED March 28, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge